UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | |
|---|---|
| REGINALD MCNEARY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:14CV1860 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## GOVERNMENT'S RESPONSE TO MOVANT'S SECTION 2255 MOTION

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and John J. Ware, Assistant United States Attorney for said District, and responds to Movant's Section 2255 motion as follows:

### FACTS

Movant was charged in a multi-count, multi-defendant, Indictment with bank fraud, mail fraud, receipt of a stolen vehicle, and conspiracy. He entered into a plea agreement with the Government pleading guilty to 10 of the 16 counts with which he was charged. See Guilty Plea Agreement, Doc. 491. In the plea agreement, Movant agreed to sentencing guideline application, resulting in a total offense level of 23. Movant also categorically waived his appellate rights as to non-jurisdictional, non-sentencing issues, and conditionally waived his appellate rights as to sentencing issues except for the criminal history computations in the presentence investigation report. In addition, Movant waived his right to contest the conviction or sentence via Title 28, U.S.C. § 2255, except for prosecutorial misconduct or ineffective

1

assistance of counsel.

Sometime after the plea, but before sentencing, Movant attempted to commit suicide. The court was informed and Movant's attorney, Mr. Sims, visited Movant. See Affidavit of Paul C. Sims (Affidavit attached). Movant's sentencing hearing proceeded as scheduled. Movant's guideline sentencing range was calculated as 92 to 115 months, based on an offense level of 23 and a criminal history category VI. See Presentence Investigation Report (P.S.I.), Doc. 710. While the Government offered a sentence at the low end of the range was appropriate based on Movant's proffered assistance which did not rise to the level of substantial, the court departed downward from the guideline range and imposed a sentence of 72 months, to run concurrent with a pending state case. (Sentencing Hearing Transcript and Excerpt. pp. 5 and 2) Movant did not file an appeal, but now files the current motion.

## RESPONSE

Movant alleges four grounds of perceived ineffective assistance of counsel concerning his counsel, Mr. Paul Sims.

To successfully claim ineffective assistance of counsel, Movant must overcome a rigid two- part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Movant must prove counsel's performance deficient by showing that counsel's errors insufficiently provided Movant the "counsel" required under the Sixth Amendment. Id. at 687. Secondly, Movant must show that counsel's performance prejudiced the defendant. The standard from which to evaluate counsel's performance is an objective standard of reasonableness. Id. at 687-688. However, any moments of hindsight must be discarded, and counsel's performance must be examined on the facts at the particular time of conduct. Id. at 689-690.

To demonstrate prejudice, Movant must show that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable. Strickland, 466 U.S. at 690-91. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003).

There are 2 factual errors that must be corrected,  in Movant's first ground for relief Movant claims that his plea agreement established a maximum range of 60 months under the sentencing guidelines. This is factually incorrect.  The parties agreed that Movant's estimated total offense level would be 23. Even if Movant had no criminal history, the corresponding guideline range had a maximum of 57 months. Actually, Movant had a criminal history category of VI which made the applicable range maximum 115 months. In addition, despite the parties agreement as to the offense level, Movant was made aware, at the time of plea, that the court was not bound by the parties guideline analysis and the court would ultimately determine the applicable guideline range. (Plea Transcript (Pl.) p.14).

As it happened, the court adopted the parties' guideline analysis as reflected in the P.S.I., which was not objected to by Movant. The court then departed 20 months below the advisory range based on the non-violent nature of the offense and Movant's difficult childhood.

Secondly, Movant states that he signed the Plea Agreement on February 18, 2014; two days after he attempted suicide. This is simply a misstatement. Movant signed the plea agreement and pled guilty on December 16, 2013, well before his suicide attempt.

As to the merits of Ground one, Movant claims that Mr. Sims verbally promised that he would receive a sentence of 30 months. "Generally, a petitioner cannot show he was

prejudiced by counsel's inaccurate sentencing advice if, before pleading guilty, he was informed of the maximum possible sentence and the court's ability to sentence within that range." Kimble v. United States, 2014 WL 2765351, p.3 (E.D.MO. 2014).  In this case, Movant was informed about the statutory maximum penalty and understood he could receive a sentence of up to 30 years. (Pl p. 12-13).  In addition, he was informed that the court was not bound by the guideline agreements contained in the plea agreement. (Pl. p.14).  Movant stated he understood the agreement and sentencing process.  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent proceeding." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997), quoting Voytik v. United States, 718 F.2d 1306, 1308 (8th Cir. 1985).

Movant's current claim that he was promised a specific sentence is further belied by Mr. Sims' affidavit.  Given these facts, there is no proof of deficient performance.  United States v. Jones, 698 F.3d 1048, 1052-53 (8th Cir. 2012) (no showing of deficient performance when Movant is advised of maximum possible sentence even if counsel failed to explain career criminal enhancement or mandatory consecutive punishment for 924(c) count).

Neither has Movant even alleged prejudice.  Nor could he – with a straight face.  The evidence against him was overwhelming, he admitted to the entirety of his criminal conduct on several occasions, and the plea agreement (even absent his alleged secret promises) was extremely favorable to Movant.  "[He] has not shown that he 'would not have [pled] guilty and would have insisted on going to trial' absent his attorney's misrepresentations." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1104 (8th Cir. 2011) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Despite the below guideline sentence and leniency received at sentencing, Movant now claims that he asked Mr. Sims to file a notice of appeal on his behalf which Mr. Sims failed to do. "[F]ailure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance," however, a non-credible and "bare assertion" that the request was made "is not by itself sufficient to support a grant relief." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). While evidentiary hearings are often held on 2255 motions to resolve disputes as to whether a defendant did in fact make an unheeded request for appeal, no hearing is required where only a bare and unsupported assertion in a defendant's affidavit is the basis of the complaint. "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir. 1984); See United States v. Smith 2014 WL 5528069 p. 5 (W.D.Ark. Nov. 3, 2014). "An evidentiary hearing is not required in a Section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief," Larson v. United States, 905 F.2d 218, 221 (8th Cir. 1990).

In Movant's case there was a valid waiver of appellate rights and any sentence not exceeding the established guideline range was not subject to appeal. United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003). Movant was fully aware of this through the plea colloquy (Pl. p.15). His current claim that he sought an appeal is belied by the fact that he knew that he waived his appellate rights and had no basis to appeal under the terms of the plea agreement, that he had no objections to the P.S.I., received a sua sponte downward departure from the court, and his attorney affirmatively states that Movant did not ask him to file a notice of appeal. Further, Movant has not offered any evidence at all to support his claim. Under these

5

circumstances, relief is not warranted.  Walking Eagle v. United States, 742 F.3d 1079, 1082 (8th Cir. 2014) (Defendant's failure to contact clerk's office and request an appeal in letter to counsel indicative that defendant did not seek to appeal);  United States v. Luke, 686 F.3d 600, 606 (8th Cir. 2012) (Finding defendant not credible when no emails, letters, or other communication documented his §2255 claim that he asked his attorney to file a notice of appeal); Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002) (Defendant's claim dismissed when defendant offered no evidence to support his claim that he requested his attorney to file a notice of appeal).

In his second assignment of ineffective assistance, Movant claims that Mr. Sims failed to file a motion challenging the Indictment filed against him, that Mr. Sims failed to object to the amount of restitution imposed upon Movant, and that Mr. Sims failed to obtain Movant help for his mental health issues.  To begin with, because Movant's valid guilty plea waived all non-jurisdictional defects and defenses, he has waived any challenges to his Indictment, by law and by terms of his plea agreement itself.  United States v. Frook, 616 F. 3d 773, 778 (8th Circuit 210).  Defendant cannot blame Mr. Sims for failing to challenge the Indictment, for he, himself, knowingly waived his right to file pre-trial motions before U.S. Magistrate Judge Nannette A. Baker.  It was Movant's decision not to challenge the Indictment and he cannot parlay that decision into an ineffective assistance claim.

With regard to the imposition of restitution, Movant repeats and more fully articulates, that issue in Ground four.  Therefore response to that issue is below.

Movant also blames Mr. Sims for failing to obtain for Movant mental health treatment. Again, Movant reiterates in more detail this complaint in Ground three and the response is immediately below.

6

In his third Ground for relief, Movant contends that he was not competent at the time of his sentencing and that Mr. Sims was ineffective for failing to ask for a mental health evaluation prior to proceeding with sentencing.

"[A] defendant must be competent at all stages of prosecution, including sentencing." United States v. Rickert, 685 F.3d 760, 765 (8th Cir. 2012). "A defendant is competent if he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'has a rational as well as factual understanding of the proceedings against him.'" Id. Counsel's failure to request a competency hearing is objectively unreasonable if there was evidence which raised substantial doubts as to the defendant's mental competency. Ford v. Bowersox, 256 F.3d 783, 786 (8th Cir. 2001).

Movant claims that his judgment was impaired by "Risprodom", medicine he was taking at the time of sentencing and that Mr. Sims failed to alert the court as to his suicide attempt. Movant is mistaken, however, as Mr. Sims did inform the court of his suicide attempt as did the government. And although Movant now claims that his judgment was impaired (how so, to what extent, and to what effect is not explained) at the sentencing, there was no observable manifestation of such impairment at the time. In assessing whether a competency hearing is appropriate, "the behavior, demeanor and prior psychiatric history of defendant" should be considered. United States v. Turner, 644 F.3d 713, 721 (8th Cir. 2011). "Unless there is some contrary indication, state and federal trial judges may presume that defendants are competent." Branscomb v. Norris, 47 F.3d 258, 261 (8th Cir. 1995). Prior to the sentencing hearing, Movant told Mr. Sims that he was mentally stable. See Affidavit. The undersigned (who had several prior in-depth conversations with Movant, including one prior to Indictment) detected no mental discrepancies in his behavior, although he was physically

7

weaker than normal.

The court was alerted to the issue of Movant's suicide and its potential impact on competency however "there appeared to be no reasonable cause to believe [Movant] was suffering from a mental disease or defect rendering him mentally incompetent for which [the] court would have ordered a competency hearing if one was requested." Thompson v. United States, 2014 WL 4987601, p. 8 (D.S.D.2014). Given the court's, the government's, and his own observations of Movant's demeanor and behavior, it was not unreasonable for Mr. Sims to fail to file a motion for a competency hearing. Johnson v. United States, 860 F. Supp. 2d 663, 810 (N.D. Iowa 2012).

Finally, Movant complains that his attorney failed to object to two specific sentencing guideline calculations and the amount of restitution imposed. As to the guideline calculations, Movant faults his attorney for not arguing for a two-level "safety valve" departure and not objecting to the three-level enhancement for his role in the offense. As Movant was not eligible for a safety valve departure his attorney is excused from his failure to ask for it. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (counsel not required to raise meritless objections). Nor could Mr. Sims object to the role in the offense enhancement as it was specifically agreed to by Movant in the plea agreement.

More importantly, Movant agreed to a waiver of post-conviction rights regarding sentencing issues in his plea agreement. His attempt to raise these sentencing issues, thinly veiled as an ineffective assistance claim, should be denied. See United States v. McIntosh, 492 F.3d 956, 959 (8th Cir. 2007) (Post-conviction waiver upheld). As to Movant's complaint about restitution, "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255 because this statute affords relief only to prisoner's claiming a right to

8

be released from custody." United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003).

## CONCLUSION

For the foregoing reasons, Movant's § 2255 motion should be denied.

          Respectfully submitted,

          RICHARD G. CALLAHAN
          United States Attorney

          */s/ John J. Ware*
          JOHN J. WARE, #40880
          Assistant United States Attorney
          111 South 10th Street, Room 20.333
          St. Louis, Missouri 63102
          (314) 539-6212